**In re SAGO PALMS JOINT VENTURE, Debtor.**

**Bankruptcy No. 82–2110–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Dec. 16, 1982.

Christine Hall Larson, Ft. Lauderdale, Fla., for creditor.

Curtis Carlson, Miami, Fla., for petitioning creditors.

Terence J. Watterson, West Palm Beach, for debtors.

MEMORANDUM DECISION—INVOLUNTARY PROCEEDING

THOMAS C. BRITTON, Bankruptcy Judge.

Three petitioning creditors filed this involuntary petition under chapter 7. The alleged debtor has answered. The matter was tried on November 30.

■ The debtor has conceded that the petitioning creditors meet the statutory requirements specified in 11 U.S.C. § 303(b)(1). The debtor has also conceded that it is generally paying its debts as such debts become due and that it was not doing so on October 29, the date the petition was filed. In short, the debtor has conceded that the petitioning creditors have complied with every statutory requirement for the issuance of an order of relief and the appointment of a trustee.

The debtor argues that this court has discretion to deny relief and that it should do so where both the secured and unsecured creditors could receive full and complete relief through the State court in a pending foreclosure proceeding and that the debtor hopes to work its way out of its present difficulties, but that it cannot do so under the stigma of a bankruptcy proceeding. It argues that the stigma of a foreclosure proceeding is not equally debilitating.

The debtor relies on *In re Arker,* Bkrtcy. E.D.N.Y.1980, 6 B.R. 632, 636. In that case, a colleague denied an involuntary petition which met all statutory requirements on the ground that:

"It is manifest that the alleged debtor has no free assets to be liquidated which is decisive to this Court's conclusion that an order for relief should not be granted in the case at bar. This conclusion is predicated on the purpose of an involuntary proceeding which is to secure an equitable distribution of the assets of the alleged debtor among all his creditors."

The holding, which admittedly was without statutory basis or precedent, cites a 1975

**34**

Canadian decision. The *Arker* case has been followed in two reported decisions, one by a New York colleague of the author of *Arker* and the other by a colleague in this District.

I reach a contrary conclusion. The statute, § 303 is completely unambiguous and reposes no discretion in this court. If the statutory standards are met, "the court shall order relief against the debtor". The petitioning creditors, if they carry their burden of proof as they have here, are entitled to an order for relief, the appointment of a trustee, a creditors' meeting, the examination of the debtor under oath and the opportunity to discover assets and to recover fraudulent and preferential transfers. This relief may, and frequently does, produce assets available for distribution to creditors.

The petitioning creditors are under no duty at an involuntary hearing to prove that the administration of the case will be successful. They are required only to prove that the debtor is not paying its debts as they become due.

The statute further provides that judgment may be granted against the petitioning creditors for costs, attorney's fee and damages, including punitive damages if the court dismisses the petition. § 303(i). *Arker* would place petitioning creditors in the double jeopardy of being subjected to this extraordinary penalty if the court elected in its discretion to dismiss the petition, even though the petitioning creditors have met every statutory requirement. I cannot believe that the statute contemplates such a result.

As is required by B.R. 921(a), a separate, order for relief will be entered.